UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT THOMAS,** | ) | **CASE NO. 1:13 CV 1297** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | |
| **TIMOTHY J. MCGINTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Robert Thomas filed this action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor Timothy J. McGinty.  (Doc. # 1.)  In the Complaint, plaintiff alleges violation of his rights to due process and a speedy trial, as well as unlawful incarceration.   He seeks compensatory and punitive damages.  For the reasons below, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and this case is **DISMISSED**.

### I.  BACKGROUND

At the time this action was filed, Thomas was a pretrial detainee at the Cuyahoga County Jail.  The County's publicly available court records indicate Thomas was arrested on January 30, 2013 and was indicted on eleven counts of rape, seven counts of kidnapping, and one count of disseminating matter harmful to juveniles.  *See State of Ohio v. Robert Lamar Thomas*, No. CR-13-571292-A (Cuyahoga Cnty. Ct. C.P. filed on February 8, 2013).  The case was set for trial on June 10, 2013, but instead, upon motion by the prosecutor, the case was dismissed without prejudice on that date.  *Id.*  Apparently, Thomas was not released from jail at that time.

Instead, according to court records, a subsequent criminal complaint was filed against him on June 12, 2013. *See State of Ohio v. Bobby L. Thomas*, No. CR-13-575231-A (Cuyahoga Cnty. Ct. C.P.).[1]

That same day, Thomas filed this action, alleging that the January 2013 indictment was based on an "unsubstantiated charge of rape." (Doc. # 1 at 3.) Further, he indicates he sought and was denied a preliminary hearing, during which he contends he would have presented a medical report/examination of the victim exonerating him of rape. Thomas claims the refusal to hold a hearing violated his due process rights. He further alleges that throughout his incarceration he "repeatedly asked for [his] day in court to prove [his] innocence," but "the assistant district attorney has circumvented [his] day in court and as a result [his] right to a fast and speedy trial has been denied." (*Id.* at 3-4.) He asserts he has been "unjustly incarcerated," and subjected to malicious prosecution. (*Id.* at 4.) He seeks $2.5 million in compensatory damages and punitive damages.

According to the County court records, on June 13, 2013, Thomas was released on bond[2] and his case was set for an early disposition conference on June 20, 2013.

---

[1] The state court criminal docket does not identify the charges in this later filed case.

[2] Plaintiff has failed to provide the court with notice of his release and his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him"). The Court directs the Clerk to mail a copy of this order to the County jail, as well as to the address listed for plaintiff on the county court docket.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendants, if the Court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Benson v. O'Brian*; 179 F.3d 1014, 1016-17 (6th Cir. 1999); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Thomas's Complaint does not indicate in what capacity he sues defendant McGinty. Nevertheless whether he sues defendant in his official or personal capacity, the Complaint must be dismissed because it seeks monetary damages from a defendant who is immune from such relief.

Under the Eleventh Amendment, a state, its officials, and its employees may be sued in federal court only when the state has consented to suit. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). This doctrine applies to lawsuits where a party challenges the acts of state officials or employees in their official capacities and seeks money damages. *See Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994). The Eleventh Amendment bars such suits because a judgment would be satisfied from the state's treasury and, therefore, the state is the real party in interest. *Id.* Section 1983 does not abrogate Eleventh Amendment immunity of state governments.

*Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The Sixth Circuit has held that county prosecutors, in the course of prosecuting crimes, act as agents of the State and are immune from suits seeking money damages against them in their official capacities. *See Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) (holding that a § 1983 suit against county prosecutors in their official capacities "is deemed to be a suit against the state and also barred by the Eleventh Amendment"); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ("City prosecutors are responsible for prosecuting state criminal charges . . . Clearly, state criminal laws and state victim impact laws represent the policy of the state. Thus, a city official pursues her duties as a state agent when enforcing state law or policy."), *cert. denied*, 114 S. Ct. 2742 (1994); *Smeal ex. rel. Smeal v. Alexander*, No. 5:06 CV 2109, 2006 WL 3469637, at *6 (N.D. Ohio Nov. 30, 2006).

Here, plaintiff seeks money damages from county prosecutor McGinty. The prosecutor, however, is clearly acting as an agent or instrumentality of the State of Ohio with regard to the filing and prosecuting state criminal offenses against plaintiff. Thus, plaintiff's § 1983 claims against defendant McGinty in his official capacity is barred by the Eleventh Amendment because the State of Ohio is the real party in interest.

Moreover, prosecutors are entitled to absolute immunity from damage suits brought against them in their personal capacities for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor's initiation and presentation of cases to a grand jury falls within the traditional function of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that

even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

Here, plaintiff's claim that defendant has maliciously prosecuted him on unsubstantiated rape charges is barred by absolute immunity. *Imbler*, 424 U.S. at 430. Accordingly, defendant McGinty is immune from a civil suit for damages under § 1983.

In addition, to the extent Thomas intends to challenge the criminal charges against him, and the matter is still pending before the Cuyahoga County Court of Common Pleas, this Court is unable to intervene in those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount

state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Thomas has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206-07 (6th Cir. Aug. 7, 2001). However, as plaintiff has failed to state a viable claim for damages against the defendant, this case must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95-6426, 1996 WL 476435, at *1 (6th Cir. Aug. 20, 1996) (stating that is was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

### IV. CONCLUSION

Accordingly, plaintiff's application to proceed *in forma pauperis* is **GRANTED** (Doc. # 2), and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

   **IT IS SO ORDERED**.

              */s/DanAaron Polster 6/17/13*
              **Dan Aaron Polster**
              **United States District Judge**

---

[4] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."